# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

PABLO RODRIGUEZ,                    *
                                    *
                Plaintiff,          *
v.                                  *
                                    *
CAROLYN W. COLVIN, Acting           *          No. 4:14CV00705-JJV
Commissioner, Social Security       *
Administration,                     *
                                    *
                Defendant.          *

## <u>MEMORANDUM AND ORDER</u>

Plaintiff, Pablo Rodriguez, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs and the case is ready for decision.

On May 18, 2015, the Court entertained oral argument. Vincent P. France, Esq., appeared by telephone on behalf of Mr. Rodriguez and Special Assistant United States Attorney Jonathan R. Clark appeared by telephone on behalf of the Commissioner. Both counsel are commended for excellent advocacy for their respective clients.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). Reversal is not warranted merely because substantial evidence would have supported an opposite decision. *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  After careful consideration of the record in this case, the Court concludes the decision by the Administrative Law Judge (ALJ) is supported by substantial evidence.

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(i) (2006).  If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience.  *Id.* at § 416.920(b).

Step Two involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.  *Id.* at § 416.920(a)(4)(ii).  If not, benefits are denied.  *Id.*  A "severe" impairment significantly limits a claimant's ability to perform basic work activities.  *Id.* at § 416.920(c).

Step Three involves a determination of whether the severe impairment(s) meets or equals a listed impairment.  20 C.F.R. § 416.920(a)(4)(iii).  If so, and the duration requirement is met, benefits are awarded.  *Id.*

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made.  *Id.*, § 416.920(a)(4).  This residual functional capacity assessment is utilized at Steps Four and Five.  *Id.*

Step Four involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work.  20 C.F.R. § 416.920(a)(4)(iv).  If so, benefits are denied.  *Id.*

Step Five involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  *Id.*, § 416.920(a)(4)(v).  If so,

benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date, January 4, 2012. (Tr. 12). He found Plaintiff had "severe" impairments in the form of degenerative disc disease in the lumbar spine, diabetes mellitus with polyneuropathy, migraine headaches, obesity, visual disorder, and depressive disorder, not otherwise specified, but he did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 12-13). The ALJ judged that Plaintiff's allegations regarding his limitations were not entirely credible. (Tr. 16).

The ALJ found that Plaintiff retained the residual functional capacity for a reduced range of light work (Tr. 14). At Step Four, the ALJ analyzed whether Plaintiff retained the residual functional capacity to perform his past relevant work. He used the services of a vocational expert (Tr. 43-46) and concluded that Plaintiff could no longer perform his past work. (Tr. 19.)

Nevertheless, based on hypothetical questioned posed to the vocational expert, the ALJ identified other jobs that Plaintiff could perform despite his impairments. (Tr. 19-20.) Consequently, the ALJ concluded Mr. Rodriguez was not disabled. (Tr. 20.)

In support of his Complaint, Plaintiff disagrees with the ALJ's credibility assessment. (Pl.'s Br. 7-10.) The ALJ considered Plaintiff's subjective complaints in light of Social Security Ruling 96-7p and *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

3

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

Capturing the full impact of Plaintiff's migraine headaches is problematic. As was discussed at oral argument, migraines are rarely supported by objective medical evidence. Plaintiff's counsel believes this case can be distinguished because the medical record supports Plaintiff's allegation of disabling migraine headaches. While there is clearly objective medical evidence to support some of Plaintiff's allegations, the Court is unable to find reversible fault with the ALJ's assessment in this case.

Second guessing an ALJ's credibility assessment is an agonizing task. Plaintiff clearly suffers from pain and limitation and has sought fairly regular treatment from his doctors. The Court is sympathetic to Mr. Rodriguez's claims and finds this case to be a close call. However, substantial evidence supports the ALJ's determination. Rex W. Ross, M.D., performed a General Physical Examination of Plaintiff. (Tr. 308-12.) Dr. Ross did note several issues, but the ALJ properly took those into account when making his determination. (Tr. 17, 312.) Dr. Ross's "mild to moderate" assessment of Plaintiff's ability to walk and stand does give credence to Plaintiff's claims. Yet, overall the examination also supports the ALJ's residual functional assessment. Additionally, while completed without the benefit of actually examining Mr. Rodriguez, the Physical Residual Functional Capacity Assessment completed by Jonathan Norcross, M.D., is consistent with the ALJ's determination that Plaintiff is capable of performing light work. (Tr. 319-26). Lastly, the medical records from neurologist David Oberlander, M.D., fail to support an allegation of complete disability. (Tr. 362-67, 392-4). So given the difference between Plaintiff's subjective complaints and the lack of supporting medical evidence, combined with the lack of restrictions placed on Plaintiff by his physicians, the ALJ could rightly discount Plaintiff's subjective complaints. *See, e.g., Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); *Dodson v. Chater*, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

4

The Court finds no basis to overturn the ALJ's credibility determination. The ALJ is always in the best position to gauge the credibility of a claimant's testimony. Thus, the ALJ is granted deference in this regard. *Schultz v. Astrue*, 479 F.3d 979, 982-983 (8th Cir. 2007).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court affirms the final determination of the Commissioner and dismisses this case with prejudice.

SO ORDERED this 19th day of May, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE